# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT C. PETERSEN,

                        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                        Defendant.

Case No. 17-CV-197-JPS

**ORDER**

On June 30, 2017, the Court remanded this case to the Commissioner of Social Security, pursuant to the parties' stipulation. (Docket #12, #13, and #14). On August 21, 2017, the parties filed a stipulation agreeing that the plaintiff should receive an award of attorney fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket #15). Pursuant to that stipulation, and because the Court finds that the fees incurred are both reasonable and necessary and qualify under the EAJA,

**IT IS HEREBY ORDERED** that the parties' stipulation for an award of attorney's fees and expenses (Docket #15) be and the same is hereby **ADOPTED**; an award of attorney fees and expenses in the sum of $778.38 shall be paid by the defendant in full satisfaction and settlement of any and all claims the plaintiff may have in this matter pursuant to the EAJA. These fees are awarded to the plaintiff and not the plaintiff's attorney and can be offset to satisfy pre-existing debts that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If counsel for the parties verify that the plaintiff owes no pre-existing debt subject to offset, then the defendant shall direct that the award be made payable to the plaintiff's

attorney pursuant to the EAJA assignment signed by the plaintiff and counsel. If the plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to the plaintiff and mailed to the business address of the plaintiff's attorney.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge